RICHARD JOHN KADUNC, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kadunc v. Commissioner
Docket No. 26950-89
United States Tax Court
T.C. Memo 1992-61; 1992 Tax Ct. Memo LEXIS 66; 63 T.C.M. (CCH) 1969; T.C.M. (RIA) 92061; February 3, 1992, Filed *66 Decision will be entered for Respondent. Richard John Kadunc, pro se. Chalmers W. Poston, Jr., for respondent. CANTREL
CANTREL
MEMORANDUM FINDINGS OF FACT AND OPINION CANTREL, Special Trial Judge: This case was assigned and heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 183. [1]
In his joint notice of deficiency issued to petitioner and Donna L. Powers (Ms. Powers), respondent determined a deficiency in their Federal income tax for the calendar year 1986 in the amount of $ 324. [2]
*67 The issue for decision is whether respondent correctly included a State tax refund of $ 1,116 in petitioner's 1986 taxable income. FINDINGS OF FACT Some of the facts were stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by this reference. [3] Petitioner's mailing address on the date he filed the petition herein was 7791 Ballston Drive, Springfield, Virginia. Petitioner and Ms. Powers filed a joint 1985 Federal income tax return with the Internal Revenue Service. On Schedule A thereof, they claimed itemized deductions that totaled $ 17,372.27. After reducing their itemized deductions by $ 3,540, the so-called "zero-bracket amount", they *68 deducted $ 13,832.27 in arriving at their taxable income for 1985. Among the itemized deductions, they deducted $ 1,821.36 for State and local income taxes. In 1986, petitioner and Ms. Powers received a refund of Virginia income taxes for 1985, in the amount of $ 1,116, which amount they did not include as income on the joint 1986 Federal income tax return filed with the Internal Revenue Service. OPINION Section 111, pertaining to recovery of tax benefit items, provides that "Gross income does not include income attributable to the recovery during the taxable year of any amount deducted in any prior taxable year to the extent such amount did not reduce the amount of tax imposed by this chapter." Refunds of State and local taxes are includable in gross income in the year received to the extent they reduced a taxpayer's income tax liability. Refunds that carry a tax benefit are refunds of State taxes for which a deduction was claimed in the previous tax year. In short, if the tax was deducted in a prior year and that deduction resulted in a reduction in tax due (i.e., a tax benefit), then the amount recovered must be included in gross income in the year that it is received. *69 ; , affd. in an unpublished order ; ; . Here, there is no question that the deduction for State taxes taken in 1985 reduced petitioner's and Ms. Powers' 1985 tax liability and, therefore, the $ 1,116 refund they received in 1986 must be included in their 1986 gross income. On this record, we must and do sustain respondent's determination. We have considered all of petitioner's arguments and find them to be without merit. Therefore, we need not and do not discuss them herein. Decision will be entered for respondent. Footnotes
1. All Section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. It appears that petitioner and Ms. Powers, who is not a party to this case, were husband and wife throughout 1985 and 1986. Petitioner advises in papers submitted to the Court that the Internal Revenue Service acknowledged that Ms. Powers paid one-half of the determined deficiency.↩
3. During trial, objections were made respecting certain exhibits. The Court's ruling thereon was taken under advisement. After consideration, we find Exhibit 3-C to be relevant to this proceeding, Exhibits 4-D through 6-F are not relevant, and Exhibit 7-G is relevant only to the extent it contains some of petitioner's arguments.↩